**Rene Wilfred Molina CALERO, Plaintiff,**

**v.**

**IMMIGRATION AND NATURALIZATION SERVICE, William S. Slattery, in his official capacity as District Director of Immigration and Naturalization Service, Richard Thornburgh, in his capacity as Attorney General of the U.S., and Immigration and Naturalization Service, an agency of the Department of Justice, Defendants.**

**No. 91 Civ. 2844 (RPP).**

United States District Court,
S.D. New York.

Aug. 8, 1991.

Bruno Joseph Bembi, Hempstead, N.Y., Neil H. Afran, Huntington, N.Y., for plaintiff.

Otto G. Obermaier, U.S. Atty., S.D.N.Y., New York City by James A. O'Brien, III, Timothy MacFall, for defendants.

OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

In this action, plaintiff, a 15–year–old illegal alien, seeks appointment of a guardian ad litem to represent him in deportation proceedings. The government moves pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the action for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. For the reasons set forth below, the government's motion is granted.

Rene Wilfred Molina Calero ("Calero") was apprehended on February 12, 1991 when he entered the United States without inspection at Brownsville, Texas. On February 21, 1991 Calero was released on his own recognizance upon application by his brother-in-law who resides in Huntington Station, New York.[1] Plaintiff's deportation proceedings were transferred to New York.

The proceedings were twice adjourned, on March 27 and April 24, 1991, at the request of Bruno Joseph Bembi ("Bembi"), an attorney present with Calero at the proceedings, to permit Calero to obtain appointment of a guardian ad litem. On June 26, 1991 Immigration Judge Peggy M. Mc-

---

**1.** Neither of plaintiff's parents are present in the United States.

Manus advised plaintiff he could appear at the next hearing scheduled for July 3, 1991 with an authorized representative, friend, guardian or relative.

On July 3, 1991 Bembi submitted a notice of appearance along with written notice that plaintiff was not waiving his request for appointment of a guardian ad litem. The Immigration Judge refused to accept the written notice and Bembi stated Calero's position on the record. The proceedings were adjourned to August 27, 1991.

Under the heading "Jurisdiction," the complaint in this action filed April 25, 1991 states that application is made under Rule 17(c) of the Federal Rules of Civil Procedure for appointment of a guardian ad litem. Rule 17(c) provides in relevant part:

> ... An infant or incompetent person who does not have a duly appointed representative may sue by next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person.

This rule does not confer subject matter jurisdiction on a federal district court. *See* Fed.R.Civ.P. 82. Even construing the allegations of the complaint in favor of the pleader, *see Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974), no federal question is presented in the complaint and this Court lacks subject matter jurisdiction.

The most an alien is entitled to in deportation proceedings is to be represented by an attorney or "other representative of his or her choice" at no expense to the government. 8 U.S.C. § 1362. An immigration judge may not accept an admission of deportability from an unrepresented alien under age 16 not accompanied by a guardian, relative or friend but must instead conduct a hearing on the issues. 8 C.F.R. § 242.-16(b) (1991). Mr. Bembi, an attorney, has filed a notice of appearance in Calero's case and will presumably appear on Calero's behalf in future deportation proceedings concerning plaintiff. Although Calero's relatives want Bembi to represent Calero, Bembi is concerned that this 15–year–old is not legally competent to retain him and wants a guardian ad litem to be appointed to retain Bembi as Calero's counsel. Under these circumstances, plaintiff's complaint fails to state a claim for relief under federal law. Accordingly, the complaint is dismissed. This case is ordered closed.

IT IS SO ORDERED.